# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHELLY R. TAYLOR, f/k/a Shelly R. Madison, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CLAREMORE, a political subdivision and municipal corporation; JAMES THOMAS, individually; and TULSA FEDERAL CREDIT UNION, an Oklahoma financial institution, <br><br> Defendants. | Case No. 18-CV-269-GKF-FHM |

## OPINION AND ORDER

Before the court is plaintiff's Motion for Leave to File Second Amended Complaint and Add Party. [Doc. 31]. For the reasons set forth below, the motion is granted in part and denied in part.

### I. Procedural Background

On April 27, 2018, plaintiff filed her Petition in Rogers County District Court. [Doc. 2-1]. The Petition asserts twelve causes of action against three defendants—the City of Claremore, James Thomas, and Tulsa Federal Credit Union ("TFCU"). On May 7, 2018, plaintiff filed her First Amended Petition, which incorporates by reference the allegations in the original Petition and asserts three additional causes of action. [Doc. 2-5].

Defendants City of Claremore and James Thomas removed the action to this court. Thereafter, plaintiff voluntarily dismissed all of her claims against TFCU. [Doc. 30]. Plaintiff now moves for leave to file a second amended complaint. With her motion, plaintiff submitted her proposed Second Amended Complaint, which incorporates by reference the allegations in the

Petition and the First Amended Petition and adds a claim against a new defendant, Felicia Burnett,[1] for malicious prosecution pursuant to 42 U.S.C. § 1983. [Doc. 31-1]. Defendants City of Claremore and James Thomas filed a response brief opposing the motion, and plaintiff waived her right to reply. [Doc. 32; Doc. 33].

## II. Legal Standard

Where a plaintiff previously amended her complaint, she can amend again only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). The court should freely give leave when justice so requires. *Id.* But the court may deny leave as futile if the complaint as amended would be subject to dismissal. *See Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015).

A complaint is subject to dismissal if the plaintiff has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to make out the claim. *Id.* at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*,

---

[1] According to defendants City of Claremore and James Thomas, Felicia Burnett is now named Felicia Henson. [Doc. 32, p. 3 n.2].

495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

### III. Factual Allegations

The proposed Second Amended Complaint, which incorporates by reference all allegations in the Petition and the First Amended Petition, contains the following factual allegations.[2]

On August 26, 2015, plaintiff wrote a check to Claremore to pay a utility bill. [Doc. 31-1, p. 2 ¶ 1]. Felicia Burnett, the Utility Office Manager for Claremore, advised plaintiff that Claremore would hold the check for four days before depositing it. [*Id.*]. The next day, August 27, 2015, Claremore deposited the check, which was declined. [*Id.* ¶ 2]. The check was recorded as returned on September 3, 2015, and plaintiff remitted cash to pay Claremore the amount due within twenty-four hours. [*Id.* ¶¶ 1–2].

After the check was returned, the matter was referred to the police. [*Id.* ¶ 3]. Specifically, Burnett sent a fax or e-mail to the Rogers County District Attorney's Office containing documents pertaining to plaintiff, her account, and the alleged bogus check. [*Id.*]. Burnett also e-mailed the documents in a shared file to defendant Thomas, Claremore's City Manager. [*Id.*, p. 3 ¶ 3]. Burnett did not tell the Claremore police or the Rogers County District Attorney about the agreement to hold the check for four days. [*Id.*].

On October 28, 2015, a warrant was issued for plaintiff's arrest, and she surrendered for booking. [*Id.* ¶ 4]. Plaintiff was charged with false pretenses/bogus check/con game, a felony in violation of 21 O.S. § 1541.2. [*Id.* ¶ 5]. The affidavit for probable cause was based on information provided by Burnett and did not mention the agreement to hold the check. [*Id.*, pp. 3–4 ¶ 8]. On

---

[2] The court provides a non-exhaustive summary of the allegations, focusing on those pertinent to the instant motion.

3

August 19, 2016, the criminal case came on for preliminary hearing, and the court sustained plaintiff's demurrer, finding a lack of probable cause. [Doc. 2-1, p. 8 ¶ 25].

## IV. Analysis

Defendants City of Claremore and James Thomas oppose plaintiff's motion for leave to amend solely on grounds of futility. They argue the motion is futile because (1) there was probable cause for plaintiff's arrest and (2) plaintiff fails to allege that Burnett was acting under color of law. The court addresses both arguments in turn.

**A. Probable Cause**

Section 1983 provides that a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. "The Fourth Amendment provides one source of rights enforceable in a § 1983 action." *Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017). "Unreasonable seizures imposed *with* legal process precipitate Fourth Amendment malicious-prosecution claims." *Id.* at 1085 (quoting *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013)). Tenth Circuit precedent recognizes five elements for a Fourth Amendment malicious prosecution claim under § 1983:

> (1) the defendant caused the plaintiff's continued confinement or prosecution;
>
> (2) the original action terminated in favor of the plaintiff;
>
> (3) no probable cause supported the original arrest, continued confinement, or prosecution;
>
> (4) the defendant acted with malice; and
>
> (5) the plaintiff sustained damages.

*Margheim*, 855 F.3d at 1085.

Here, defendants contend that probable cause existed for plaintiff's arrest, whereas plaintiff contends that certain information omitted from the probable cause affidavit vitiated probable

4

cause. "Probable cause exists if the facts and circumstances are sufficient to warrant a person of reasonable caution to believe a crime has been committed." *McCarty v. Gilchrist*, 646 F.3d 1281, 1286 (10th Cir. 2011). If evidence was withheld, the probable cause determination is made by considering whether, including the withheld exculpatory evidence, probable cause existed to prosecute. *Id.*

Plaintiff was arrested and charged with violation of 21 O.S. § 1541.2, which requires, among other things, that the person accused acted with "intent to cheat and defraud." *See* 21 O.S. § 1541.1; Vernon's Okla. Forms 2d, OUJI-CR 5-39. Plaintiff alleges that she reached an agreement with Claremore, through Burnett, that Claremore would hold plaintiff's check for four days before depositing it. Plaintiff further alleges that the probable cause affidavit used to secure the arrest warrant failed to mention this agreement. Inclusion of information about the agreement could have vitiated probable cause by negating the essential element of "intent to cheat and defraud." Citing the Oklahoma Uniform Commercial Code, defendants argue that "[a] check, by definition, cannot be subject to any external terms," which would render the check no longer a negotiable instrument. [Doc. 32, p. 5]. But the provisions of the commercial code cited by defendants do not nullify the scienter requirements of the relevant criminal statute. Accepting the factual allegations in the proposed Second Amended Complaint as true and construing them in the light most favorable to plaintiff, the court concludes that plaintiff has adequately alleged that her arrest and prosecution were not supported by probable cause.

**B. Color of Law**

To state a claim under section 1983, a plaintiff must allege a deprivation of a federally protected right by a person acting "under color of any statute, ordinance, regulation, custom, or usage of any State . . . ." 42 U.S.C. § 1983. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power possessed by virtue of

5

state law and made possible only because the wrongdoer is clothed with the authority of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1156 (10th Cir. 2016) (quoting *Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996)).

Generally, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50 (1988). However, "there are some circumstances where a tort by a state employee simply may not have been committed on account of the authority vested in the employee by the state." *Jojola v. Chavez*, 55 F.3d 488, 493 (10th Cir. 1995). "[I]t is the plaintiff's burden to plead, and ultimately establish, the existence of 'a real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action was taken 'under color of state law.'" *See Jojola*, 55 F.3d at 494.

Here, plaintiff asserts that Burnett "was acting under color of law in that she was the Utility Manager for the City of Claremore." [Doc. 31-1, p. 3 ¶ 3]. Based upon the allegations in the proposed Second Amended Complaint, the court draws the reasonable inferences that Burnett accepted plaintiff's check and advised plaintiff regarding the same while acting in her capacity as Claremore's Utility Manager and that Burnett reported information about plaintiff's declined check to the Rogers County District Attorney's office and to defendant Thomas in her official capacity, not in her private capacity. These inferences are supported by, among other things, the allegation that Burnett used her public e-mail to send documents regarding plaintiff to defendant Thomas. [Doc. 31-1, p. 3 ¶ 3].

Defendants cite the Tenth Circuit's decision in *Schaffer*, 814 F.3d at 1153. In that case, a woman sued two parking enforcement officers for malicious prosecution under section 1983, alleging that the officers falsely reported to the police that the woman hit them with her truck after

they issued her a parking ticket. 814 F.3d at 1153. Although the incident occurred while the officers were performing their duties as city employees, the Tenth Circuit held that the woman failed to establish the requisite nexus between the officers' alleged misconduct and their authority to write parking tickets, as "any citizen can report suspicious activity to the police and repeat that testimony in court." *Id.* at 1156.

*Schaffer* appears to be distinguishable. In *Schaffer*, the Tenth Circuit determined on a summary judgment record that "the parking officers, although employed by the City, acted in their private capacities when reporting and testifying against Schaffer." *Id.* at 1157. Here, plaintiff's factual allegations, if true, support a reasonable inference that Burnett acted in her official capacity and misused her authority as Utility Manager when she falsely advised plaintiff that Claremore would hold the check for four days before depositing it and when she reported the declined check to law enforcement without disclosing the agreement to hold the check. Accordingly, plaintiff has adequately alleged the existence of a real nexus between Burnett's conduct and her "badge" of public authority. Accepting the factual allegations in the proposed Second Amended Complaint as true and construing them in the light most favorable to plaintiff, the court concludes plaintiff has adequately alleged that Burnett was acting under color of law.

## C. Restriction on Leave to Amend

In light of the determinations above, the court grants plaintiff leave to file a second amended complaint. But the court denies plaintiff leave to file the proposed Second Amended Complaint attached to her motion. Paragraph 1 of the proposed Second Amended Complaint states that plaintiff "restates and re-alleges the original petition and her first amended petition in its [sic] entirety as though fully set forth herein." [Doc. 31-1, p. 1]. Rule 10(c) of the Federal Rules of Civil Procedure permits adoption by reference in some circumstances. "But a later pleading must adopt specific portions or all of the earlier pleading with a degree of clarity which enables the

7

responding party to ascertain the nature and extent of the incorporation." *Quality Time, Inc. v. W. Bend Mut. Ins. Co.*, No. 12-1008-JTM-GLR, 2012 WL 2872226, at *2 (D. Kan. July 12, 2012) (internal quotation marks omitted). Here, plaintiff cannot restate her Petition in its entirety, as plaintiff already voluntarily dismissed her claims against TFCU with prejudice. [Doc. 30].

Moreover, "the practice of incorporating or adopting by reference statements from a pleading to be amended usually creates unnecessary confusion and burdens the Court and the other parties with trying to piece together claims or defenses from separate pleadings." *Quality Time*, 2012 WL 2872226, at *2. As explained by the district court in *Quality Time*,

> The better practice is to file an amended pleading that is complete standing alone without reference to or adoption of prior filings. In this age of word processing, such practice is relatively simple and straightforward. The filing of a stand-alone amended complaint avoids any potential confusion in filing a response or determining claims or defenses. Given the typical ease by which a party may reproduce the contents of an original pleading within an amended filing, the Court may properly require the filing of a stand-alone amended complaint when exercising its broad discretion to grant leave to file an amended complaint under Fed.R.Civ.P. 15(a)(2). The discretionary permission to adopt by reference provided by Rule 10(c) does not restrict the Court's discretion under Rule 15(a)(2). Nothing before the Court suggests that it would be burdensome for Plaintiff to file a stand-alone amended complaint instead of one that partially or fully adopts the prior pleading.

*Id.*

For the foregoing reasons the court grants plaintiff leave to file a second amended complaint as the motion requests, but denies leave to file the specific pleading attached to plaintiff's motion. Plaintiff shall file a stand-alone second amended complaint that does not incorporate by reference allegations contained in the Petition or the First Amended Petition and which otherwise comports with this order.

## V.  Conclusion

WHEREFORE, plaintiff's Motion for Leave to File Second Amended Complaint and Add Party [Doc. 31] is granted in part and denied in part.  Plaintiff may file her Second Amended Complaint in accordance with this order on or before January 28, 2019.

IT IS SO ORDERED this 15th day of January, 2019.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE