IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

SHELLY R. TAYLOR f/k/a SHELLY R. MADISON,

    Plaintiff,

v.

JAMES THOMAS and FELICIA HENSON f/k/a FELICIA BURNETT,

    Defendants.

Case No. 18-cv-269-GKF-FHM

**OPINION AND ORDER**

Before the court are two motions for summary judgment: defendant James Thomas's Motion for Summary Judgment [Doc. 67] and plaintiff Shelly Taylor's Motion for Partial Summary Judgment [Doc. 69]. For the reasons set forth below, Thomas's motion is granted and Taylor's motion is denied.

**I. Background**

On April 27, 2018, plaintiff Shelley R. Taylor filed a state court petition in Rogers County, Oklahoma, asserting twelve causes of action against three defendants—the City of Claremore, James Thomas, and Tulsa Federal Credit Union (TFCU). On May 7, 2018, Taylor filed an amended petition. Defendants City of Claremore and Thomas removed the action to this court, and Taylor voluntarily dismissed her claims against TFCU.

Taylor then sought, and the court granted, leave to assert a Fourth Amendment malicious prosecution pursuant to 42 U.S.C. § 1983 against a new defendant, Felicia Henson. To that end, Taylor filed the Second Amended Complaint. The court struck new claims asserted therein against Henson for false imprisonment, invasion of privacy, abuse of process, civil conspiracy, and malicious prosecution under state law because those claims fell outside the scope of the leave

granted by the court. The City of Claremore, Thomas, and Henson then moved to dismiss all remaining claims asserted in the Second Amended Complaint. The court dismissed the City of Claremore as a defendant and dismissed seven of the claims asserted against Thomas. As a result, three of Taylor's claims remain: (1) malicious prosecution under 42 U.S.C. § 1983 against Thomas and Henson (Count I), (2) false light invasion of privacy against Thomas (Count XI), and (3) defamation against Thomas (Count XII).

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate if the pleadings, depositions, other discovery materials, and affidavits demonstrate the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013) (quoting *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002)). "No genuine issue of material fact exists 'unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party.'" *Hasan v. AIG Property Casualty Co.*, 935 F.3d 1092, 1098 (10th Cir. 2019) (quoting *Bones v. Honeywell Int'l Inc.*, 366 F.3d 869, 875 (10th Cir. 2004)). As the Tenth Circuit has explained:

> Unsubstantiated allegations carry no probative weight in summary judgment. Rather, to defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise. Although a party may submit an affidavit or declaration in opposing summary judgment, the content must be based on personal knowledge and must set forth facts that would be admissible in evidence. In particular, at summary judgment courts should disregard inadmissible hearsay statements contained in affidavits, as those statements could not be presented at trial in any form.

*Id.* (internal citations, quotation marks, and alterations omitted).

### III. Undisputed Facts[1]

In 2014, the City of Claremore, Oklahoma began installing smart meters. [Doc. 67, p. 12, ¶ 14]. The City's transition to smart meters was a matter of public concern and garnered local media attention. [*Id.*]. Taylor opposed the transition to smart meters and related utility policies. [Doc. 67, p. 12, ¶ 15; Doc. 69, p. 3, ¶ 1]. In furtherance of her opposition, Taylor created a Citizen's Petition to have the City audited. [Doc. 67, p. 12, ¶ 16]. Taylor maintained a public Facebook page and organized public events to promote the petition. [*Id.*, p. 13, ¶¶ 17-18].

On August 26, 2015, Taylor tendered a $617.42 written check to the City of Claremore to pay her utility bill. Taylor delivered the check to defendant Henson, the Utility Office Manager for the City. [Doc. 66-1, ¶ 1]. The next day, on August 27, 2015, the City deposited the check with its bank. [Doc. 66, p. 8, ¶ 2; Doc. 67, p. 10, ¶ 2; Doc. 75, p. 9, ¶ 1]. The bank returned the check on September 3, 2015, unpaid, with a stamp reading "UN LOCATE ACCT" (*i.e.*, unable to locate account). [Doc. 66, p. 8, ¶ 3; Doc. 67, p. 10, ¶ 3]. The same day, Henson notified defendant Thomas, the City Manager, of the returned check. Thomas instructed Henson to report the returned check to the Claremore Police Department. [Doc. 66, p. 8, ¶ 4; Doc. 67, p. 10, ¶ 4]. Henson spoke with Lieutenant Goad of the Claremore Police Department about the returned check. [Doc. 66, p. 8, ¶ 5; Doc. 67, p. 10, ¶ 5; Doc. 75, p. 9, ¶ 2].

---

[1] Federal Rule of Civil Procedure 56 provides that a party opposing summary judgment and arguing that a material fact is genuinely disputed must support that contention either by citing to materials in the record supporting a genuine factual dispute or by showing that the material in the record does not establish the absence of a genuine dispute. Here, Taylor does not specifically object to paragraphs 1, 3, 4, 8-10, 12, and 14-22 of Thomas's statements of material facts. Accordingly, the court considers those facts undisputed for purposes of this motion. Fed. R. Civ. P. 56(e)(2).

On September 4, 2015, the day after the check was returned, Taylor tendered $617.42 in cash to the City of Claremore. [Doc. 66, p. 9, ¶ 8; Doc. 67, p. 11, ¶ 8]. Lieutenant Goad's report to the Rogers County District Attorney's office included this fact. [Doc. 66, p. 9, ¶ 9; Doc. 67 p. 11, ¶ 9]. Nonetheless, on October 27, 2015, a warrant was issued for Taylor's arrest for a violation of 21 Okla. Stat. § 1541.2, a felony. [Doc. 66, p. 9, ¶ 10; Doc. 67, p. 11, ¶ 10]. Taylor surrendered herself to the Claremore Police on October 29, 2015 and posted bail the same day. [*Id.*]. On August 17, 2016, the charge against Taylor was dismissed. [Doc. 66, p. 10, ¶ 12; Doc. 67, p. 12, ¶ 12].

## IV. Analysis

Thomas moves for summary judgment on Count I, malicious prosecution, arguing he is entitled to qualified immunity. Thomas and Taylor both move for summary judgment on Counts XI and XII, false light invasion of privacy and defamation. The court considers each in turn.

### A. Malicious Prosecution

"Unreasonable seizures imposed with legal process precipitate Fourth Amendment malicious-prosecution claims." *Margheim v. Buljko*, 855 F.3d 1077, 1085 (10th Cir. 2017) (quoting *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013)). Tenth Circuit precedent recognizes five elements for a Fourth Amendment malicious-prosecution claim under § 1983: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Id*.

Because Thomas raises a qualified immunity defense, "the onus is on the plaintiff to demonstrate (1) that [Thomas] violated a statutory or constitutional right, *and* (2) that the right was clearly established at the time of the challenged conduct." *Quinn v. Young*, 780 F.3d 998, 1004

4

(10th Cir. 2015) (internal quotation marks and citation omitted). To satisfy the first part of her burden, Taylor "must show the five elements of [her] claim to establish a Fourth Amendment violation." *Margheim*, 855 F.3d at 1087. Taylor "must make this demonstration on the facts alleged," and "because we are past the pleading phase at summary judgment, [Taylor's] factual recitation must find support in the record." *Quinn*, 780 F.3d at 1004 (citing *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009)). However, the court "construe[s] the facts in the light most favorable to [Taylor] as the non-movant." *Id.*

Thomas argues he is entitled to qualified immunity because he did not cause Taylor's prosecution. Typically, "the chain of causation" in a malicious prosecution case "is broken by an indictment." *Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996). However, the Tenth Circuit "has previously held that officers who conceal and misrepresent material facts to the district attorney are not insulated from a § 1983 claim for malicious prosecution" simply because the prosecutor made an independent decision to charge. *Pierce v. Gilchrist*, 359 F.3d 1279, 1292 (10th Cir. 2004) (citing *Robinson v. Maruffi*, 895 F.2d 649, 655-56 (10th Cir. 1990)).

Here, Taylor does not allege Thomas concealed or misrepresented material facts. Instead, Taylor argues Thomas caused the prosecution by "instruct[ing] Henson to contact the police immediately upon learning that the check was rejected." [Doc. 75, p. 17]. "[T]he chain of causation is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor." *Taylor*, 82 F.3d at 1564.[2] In this case, the prosecutor's commencement of legal proceedings against Taylor broke the chain of causation. Because Taylor has not shown that Thomas concealed or misrepresented

---

[2] Taylor notes that "Rogers Count District Attorney, Matt Ballard[,] had a preexisting relationship with Thomas." [Doc. 75, p. 4]. However, Taylor points to no evidence in the record that Thomas used this relationship to exert undue influence over Ballard's prosecutorial decisions.

material facts, Thomas is entitled to qualified immunity on Taylor's malicious prosecution claim. *Taylor*, 82 F.3d at 1564 ("Having concluded that no constitutional right was violated . . . [the court] proceed[s] no further on the qualified immunity issue.").

B. *False Light Invasion of Privacy*

Both Taylor and Thomas move for summary judgment on Taylor's false light invasion of privacy claim. The Oklahoma Supreme Court has recognized the tort of false light invasion of privacy as set out in the Restatement (Second) of Torts § 652A (1977). *McCormack v. Oklahoma Pub. Co.*, 613 P.2d 737, 740 (Okla. 1980). In order to establish such a claim, a plaintiff must establish three elements:

> (1) the defendant gave publicity to a matter concerning the plaintiff that placed the plaintiff before the public in a false light, (2) the false light in which the plaintiff was placed would be highly offensive to a reasonable person, and (3) the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Mitchell v. Griffin Television, L.L.C.*, 60 P.3d 1058, 1061 (Okla. Ct. Civ. App. 2002) (citing *McCormack*, 613 P.2d at 740).

In support of her claim, Taylor points to an April 30, 2018 online news article entitled "Group of Claremore citizens want city audit." [*See* Doc. 69-2]. In the article, Thomas is quoted as saying, "[Taylor] has falsified and committed perjury." [*Id.*, p. 3]. Thomas, however, argues that such evidence is inadmissible hearsay and, without it, Taylor fails to point to any evidence that Thomas gave publicity to a matter concerning Taylor. [Doc. 67, p. 22].[3]

"Hearsay" is a statement made by someone outside of the current trial or hearing that a party offers to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c).

---

[3] Taylor does not address Thomas's hearsay arguments in her summary judgment briefing.

"Hearsay testimony that would not be admissible at trial is not sufficient to defeat a motion for summary judgment." *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1314 (10th Cir. 2005).

Here, the admissibility of the online news article presents two levels of possible hearsay—the quoted statement and the article itself. The quoted statement purportedly made by Thomas is a statement by a party opponent and, therefore, is not hearsay. Fed. R. Evid. 801(d)(2)(A). The online news article, however, is inadmissible hearsay. In the article, journalist Kate Wisely writes: "'[Taylor] has falsified and committed perjury,' Thomas said." [Doc. 69-2, p. 3]. Taylor intends to use the statement for the truth of the matter asserted, namely that Thomas *said* "[Taylor] has falsified and committed perjury." Accordingly, it is hearsay. *Miles v. Ramsey*, 31 F. Supp. 2d 869, 876 (D. Colo. 1998) ("When the article is introduced as proof [the defendant] made the statements in question, the newspaper article is inadmissible hearsay."); *see also Nooner v. Norris*, 594 F.3d 592, 603 (8th Cir. 2010) ("Even if [the party's] statement is viewed as a non-hearsay admission of a party opponent, the newspaper article reporting the statement is offered to prove the truth of the matter asserted and is not covered by any hearsay exception."); *Greene v. Scott*, 637 F. App'x 749, 751-52 (4th Cir. 2016) (unpublished) ("The declarant, the article's writer, did not attest before the district court that the statements printed in the article actually occurred; yet [the party] attempts to offer the article as proof that the statements were made. This is hearsay.").

As the Tenth Circuit has explained in holding that statements reported in a newspaper article were hearsay, "[t]he fact that the statement was in the form of a newspaper account reinforces its hearsay character, for the final product is not the reporter's alone, and it was not demonstrated that the statements as reported were accurate." *New England Mut. Life. Ins. Co v. Anderson*, 888 F.2d 646, 650 (10th Cir. 1989). Taylor cannot rely on inadmissible hearsay, here the online article, to defeat Thomas's motion for summary judgment. In the absence of any other

7

evidence that Thomas gave publicity to a matter concerning Taylor, Thomas's motion for summary judgment is granted and Taylor's motion is denied as to Count XI. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) ("If a party that would bear the burden of persuasion at trial does not come forward with sufficient evidence on an essential element of its prima facie case, all issues concerning all other elements of the claim and any defenses become immaterial.").

C. Defamation

Thomas and Taylor also move for summary judgment on Taylor's defamation claim against defendant Thomas. In order to recover for defamation under Oklahoma law, a private figure generally must prove four elements:

> (1) a false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage, or the existence of special damage caused by the publication.

*Mitchell*, 60 P.3d at 1061; *see also* Okla. Stat. tit. 12, § 1441 (defining libel); Okla. Stat. tit. 12, § 1442 (defining slander). "[A] public figure suing for defamation must [also] prove by clear and convincing evidence that the allegedly false defamatory statement publication was made with 'actual malice.'" *Herbert v. Oklahoma Christian Coalition*, 992 P.2d 322, 328 (Okla. 1999).[4]

In support of her defamation claim, Taylor again relies on the online article as evidence that Thomas made a false and defamatory statement. For the reasons set forth above, Taylor cannot rely on the online article to defeat Thomas's motion for summary judgment: it is inadmissible hearsay. Because Taylor fails to identify any admissible evidence that Thomas made a false and

---

[4] The parties dispute whether Taylor is a private or public figure. The court need not resolve this dispute because Taylor's claim fails for failure to present sufficient evidence to survive summary judgment that Thomas made a false and defamatory statement.

defamatory statement, Thomas's motion for summary judgment is granted and Taylor's motion is denied as to Count XII.  *See Adler*, 144 F.3d at 670.

## V. Conclusion

WHEREFORE, defendant James Thomas's Motion for Summary Judgment [Doc. 67] is granted.  Plaintiff Shelly Taylor's Motion for Partial Summary Judgment [Doc. 69] is denied.

IT IS SO ORDERED this 4th day of May, 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE